Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS WARNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZOOLOGY, LLC, a California limited liability company; JACQUELINE ANKNER, an individual; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Travis Warner ("Warner" or "Plaintiff"), by and through his undersigned attorneys, for its Complaint against Defendants Zoology, LLC and Jacqueline Ankner ("Ankner") (collectively referred to hereinafter as "Defendants"), allege as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment which arises under, *inter alia*, the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* By this action, Plaintiff seeks a judicial determination and declaration that (1) he and Ankner share

co-ownership of the copyright in the sound recording and composition copyrights for the songs *Gigglin' Gorilla, HIPPopotamus, Toucan-a-Rama, Pink-Polka-Dot Flamingo*, and *Goodnight Zoo* that appear on the album *Zoology* but Zoology LLC has no ownership interest in any of the songs which appear on the album *Zoology*; and (2) that he is the sole copyright owner in the songs *Morning at the Zoo* and *Sleep Tight* which appear on that same album, and neither Ankner nor Zoology LLC have any interest in those two songs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Copyright Act, and a substantial part of the events giving rise to the claims occurred in this district, including because, *inter alia*, Warner and Ankner reside in and entered into a collaborative agreement at issue in this case in this judicial district, and Zoology, LLC was registered in this state and in this judicial district, as set forth in more detail below.

## PARTIES

4. Warner is an individual residing in Los Angeles, California

5. Upon information and belief, Zoology, LLC is a limited liability company organized and existing under the laws of the State of California, with its place of business at 3240 Professional Drive Auburn, CA 95602.

6. Upon information and belief, Ankner is an individual residing in Los Angeles, California.

## FACTUAL BACKGROUND

7. In the Spring of 2019, Ankner invited Warner to co-write and produce a children's album with her. Over the course of the next several months Ankner and Warner co-wrote with Connor Marks the songs *Gigglin' Gorilla*, *HIPPopotamus*,

*Toucan-a-Rama*, *Pink-Polka-Dot Flamingo*, and *Goodnight Zoo*.

8. Ankner and Warner agreed that each would own fifty percent (50%) of the sound recording for each song. They also agreed to certain writing percentages for ownership of the composition of those five songs. The terms of this agreement were memorialized in an October 18, 2019 collaboration agreement ("Collaboration Agreement").

9. From October 21, 2019 to October 25, 2019, *Gigglin' Gorilla*, *HIPPopotamus*, *Toucan-a-Rama*, *Pink-Polka-Dot Flamingo*, and *Goodnight Zoo* were recorded for the album titled *Zoology*.

10. During the recording process Ankner claimed to learn that an album must be fifteen minutes long to qualify for Grammy consideration and nomination. Because the five recorded songs were short of that total minute mark, Warner agreed to create additional material.

11. Warner then independently created two additional tracks, entitled *Morning at the Zoo* and *Sleep Tight*. Among other things, Warner coordinated and licensed ambient sounds for use on both *Morning at the Zoo* and *Sleep Tight* using licenses in Warner's name, and *Morning at the Zoo* is created using Warner's nieces' voice. Ankner was not involved in the creation or recording of either track.

12. Neither *Morning at the Zoo* nor *Sleep Tight* are part of the Collaboration Agreement, which specifically identifies its subject matter as the first 5 songs referenced above, and Warner has not executed a written transfer to any party concerning the ownership of either the sound recording or composition for *Morning at the Zoo* or *Sleep Tight*.

13. Warner is informed and believes, Ankner organized Zoology, LLC to help her and Warner administer the rights to the *Zoology* songs, including *Morning at the Zoo* and *Sleep Tight*. Warner is informed and believes, and thereon alleges, that Ankner is the sole owner of Zoology, LLC.

14. In May 2021, Ankner and Warner contracted with third-party Orchard

1  Enterprise NY, Inc. for the distribution of the album *Zoology*.

2      15.    In June 2021, Ankner and Warner directed Orchard Enterprise NY, Inc.
3  to make payment under the original May contract to Zoology, LLC.

4      16.    At no point have the copyrights in any of the seven *Zoology* songs (titled
5  *Gigglin' Gorilla*, *HIPPopotamus*, *Toucan-a-Rama*, *Pink-Polka-Dot Flamingo*,
6  *Morning at the Zoo, Sleep Tight,* and *Goodnight Zoo*) been transferred to Zoology,
7  LLC, yet Ankner has claimed that Zoology, LLC owns the copyrights in the
8  composition and sound recording.

9      17.    All songs on *Zoology* have been registered with the United States
10 Copyright Office.

11     18.    Warner objects to all sales, offers for sale, advertising, marketing and/or
12 promotional activities by Defendants which relate to the accused *Zoology* that are
13 outside the purview of the Collaboration Agreement and works not included in the
14 grants described in the Collaboration Agreement.

15     19.    Upon information and belief, Ankner asserts ownership in the
16 composition and sound recording of *Morning at the Zoo* and *Sleep Tight* and objects
17 to Warner's exclusive ownership in those songs. Further, Zoology, LLC asserts
18 ownership of the sound recording and composition in all of *Zoology* including but not
19 limited to *Gigglin' Gorilla*, *HIPPopotamus*, *Toucan-a-Rama*, *Pink-Polka-Dot*
20 *Flamingo*, *Goodnight Zoo, Morning at the Zoo* and *Sleep Tight* despite the lack of a
21 written transfer purporting to grant Zoology, LLC any rights in the songs on *Zoology*.

22     20.    By virtue of the foregoing, Plaintiff is compelled to seek a declaration
23 from this Court that Defendants' copyright and/or that Defendants' asserted copyright
24 registrations are invalid and/or unenforceable, and, in any event, not infringed by
25 Plaintiff.

26 **COUNT I**
27 **DECLARATORY JUDGMENT OF OWNERSHIP OF COPYRIGHT**
28

21. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

22. By virtue of Defendants claims of ownership in *Zoology* and *Morning at the Zoo* or *Sleep Tight* outside the scope of the Collaboration Agreement, an actual controversy has arisen and now exists between Plaintiff and Defendants concerning whether Defendants have misappropriated Plaintiff's copyrights.

23. Defendant's actions threaten Warner's business, including the sales, solicitation, and distribution of the songs on *Zoology*; seek to stymie Warner's marketing, advertising, and promotional activities; and risk harming Warner's business reputation, marketplace respect, and relationships.

24. By virtue of the foregoing, Plaintiff desires a judicial determination of the parties' rights and duties with respect to the copyrights asserted by Defendants and over the songs on the album *Zoology*.

25. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. For judgment declaring that Zoology LLC's copyright claims in *Zoology,* and Ankner's copyright claims in *Morning at the Zoo* or *Sleep Tight* are invalid, void, unenforceable and/or not infringed by Plaintiff;

B. For judgment declaring that Warner is the sole copyright owner of *Morning at the Zoo* or *Sleep Tight,* and that his rights in the rest of *Zoology* are delineated in the Collaboration Agreement;

C. For judgment awarding Plaintiff's costs, expenses and reasonable attorney's fees as permitted by law; and

D. For judgment awarding Plaintiff such other and further relief as the Court may deem just and proper.

# JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 11, 2023          By:   */s/ Stephen M. Doniger*
                                         Stephen M. Doniger, Esq.
                                         Frank R. Trechsel, Esq.
                                         DONIGER / BURROUGHS
                                         Attorneys for Plaintiff